**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| In re:<br><br>Todd Nickles<br>and<br>Julie Nickles,<br><br>        Debtors | Chapter 12<br>Case No. 25-10029 |

## ORDER ON DEBTOR JULIE NICKLES'S MOTION TO DISMISS CHAPTER 12 CASE

Todd and Julie Nickles filed a single petition that began this joint case under chapter 12. *See* 11 U.S.C. § 302(a).   They then proposed and modified a chapter 12 plan.   After an evidentiary hearing, that plan was confirmed despite objections.   About five months later, Ms. Nickles retained separate counsel.   And, citing 11 U.S.C. § 1208(b), she filed a Motion to Dismiss Chapter 12 Case, asking "to dismiss her part of the Chapter 12 case" [Dkt. No. 111]. No one contends that Ms. Nickles must remain here.   But Mr. Nickles has indicated that he would like to stay.

Section 1208(b) contemplates dismissal of "a case"—not just one debtor's "part" of a case.   Thus, the Court asked the interested parties: "Under what authority may the Court 'dismiss [Ms. Nickles's] part of the Chapter 12 case,' as she suggests, without also being required to dismiss the case entirely, as section 1208(b) might suggest?" [Dkt. No. 114]. In a written response, the chapter 12 trustee contended that this joint case has two separate bankruptcy estates—one from each debtor—and that those estates have not been consolidated [Dkt. No. 116].   He thus suggested that one estate (and the associated debtor) could effectively be excised from the case while the other remains.   At a hearing on the matter, Ms. Nickles's counsel echoed the trustee's argument.   The Court accepts this argument with a fair degree of

1

skepticism.   As an initial matter, it is doubtful that the debtors and the trustee have maintained the separateness required when there are two independent bankruptcy estates involving related debtors.   Moreover, the argument relies on certain assumptions about bankruptcy estates and consolidation that are open to debate.[1]   Finally—and perhaps most importantly—the argument fails to grapple with section 1208(b)'s reference to dismissal of a singular "case"—which is what we have here (per section 302(a)), regardless of the number of estates.

Mr. Nickles charts a different tack.   He contends that, in a joint case, allowing one debtor to dismiss the case unilaterally would impose an undue hardship on the other debtor who wants the case to continue.   He has not explained how any hardship would be undue or why that should matter when considering the plain text of section 1208(b).   Only spouses, such as the Nickleses, may file a single petition that begins a joint case.   Perhaps in choosing to do so— rather than choosing to begin separate cases—spouses take the risk that one of them might later decide to pursue dismissal of their joint case.

Ultimately here, no interested party has directed the Court to any express authority under which Ms. Nickles's request could be granted as is.   Nor have the interested parties directed the Court to any persuasive decisions on comparable matters.   Nevertheless, the Court is also not persuaded that, in the limited circumstances of this case (detailed below), section 1208(b) must be applied literally, causing at least an impractical delay for Mr. Nickles and his creditors whose

---

[1] For example, the trustee's argument seems to overlook the possibility that plan confirmation might have effectively consolidated estates to some extent.   Further, the argument seems focused on section 302(b)'s reference to the prospect of "debtors' estates" being consolidated in a joint case but does not consider section 541(a)'s statement that only "an estate" is created when a joint case begins.   Perhaps the discrepancy in numerosity there stems merely from a legislative drafting oversight—particularly given that the concept of a joint case was being newly introduced.   *See, e.g.*, H.R. Rep. No. 95-595, at 321, 367-68 (1977).   But the trustee's argument does not address that.   Further, to the extent that the argument draws on Federal Rule of Bankruptcy Procedure 1015, that rule does not appear to be intended to address consolidation of multiple debtors' estates (or their cases).   Rather, as to multiple debtors, the rule appears to focus on matters of procedural convenience and efficiency, including joint administration—i.e., not substantive matters.   The rule also offers no explicit guidance on ending joint administration in a joint case.

2

claims are being addressed through the confirmed plan.   Thus, the Court will not dismiss the case outright and will instead allow Mr. Nickles to remain.

The process of considering Ms. Nickles's motion has revealed how relatively minimal her financial role has been in the case.   For instance, contrary to the debtors' schedules of assets and liabilities and parts of their confirmed plan, Ms. Nickles does not appear to be a co-owner or co-obligor as to the debtors' principal residence, which features prominently in the plan.   And the vast majority of other debts being addressed in the plan do not appear to have Ms. Nickles as the sole obligor.   Much of that other debt relates to Mr. Nickles's business as a lobsterman—a business that provides key income needed for the plan (and for the debtors' household).

Further, and contrary to the debtors' projections during plan confirmation proceedings, Ms. Nickles's income has apparently been negligible or nonexistent.   According to her counsel, Ms. Nickles has been caring for the debtors' ailing young child, preventing her from working and contributing financially to the household.   Yet, despite that development, the debtors have seemingly been able to do what their plan requires—at least no interested party has said otherwise so far.   That is, Mr. Nickles has apparently been able to meet plan requirements without Ms. Nickles's financial contribution.   And Mr. Nickles has signaled that he could continue to do so and would not seek major modifications to the plan if the case were to continue with him alone.   Why Ms. Nickles wishes to leave the case is unclear and may relate to a cause of action that Ms. Nickles has or claims to have against one or more third parties.   In any event, there is little indication that the case would have been or would be fundamentally different without her.

In sum, given the circumstances detailed above, Ms. Nickles's motion is granted so as to remove her as a debtor in this case.   The case will not be dismissed.   Mr. Nickles will continue as the only remaining debtor.   Future filings in this case should be captioned accordingly.

Finally, although the case remains active, the Court might be inclined to view Ms. Nickles's

departure as having the effects and related consequences of a case's dismissal as to her but will

defer any determination until, if ever, the need squarely arises.   *See, e.g.*, 11 U.S.C. §§ 349,

362(c)(3)-(4).[2]

  Dated: June 8, 2026

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[2]  Because Ms. Nickles's counsel conceded during the hearing that Ms. Nickles would have no claim to
any funds that have been provided to the trustee, the trustee's final report and account need not be filed at
this point as though a case dismissal occurred.

4